| | |
|---|---|
| Denver District Court<br>Denver County, Colorado<br>Court Address: 1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED<br>January 13, 2025<br>CASE NUMBER: 2025CV17 |
| Plaintiff(s): Gregory Majersky<br><br>_____ v.<br><br>Defendant(s): City and County of Denver, Colorado;<br>Ashley Hinds, Denver City Attorney's Office;<br>Magistrate Michelle Kline, Denver Municipal Court;<br>Judge Beth Faragher, Denver Municipal Court | FILED IN DENVER<br>DISTRICT COURT<br><br>JAN 13 2025<br><br>DENVER, COLORADO<br>COUNTER CLERK KL<br><br>▲ COURT USE ONLY ▲ |
| My Name: ___Gregory Majersky_____<br>Street Address: _1284 Sable Blvd_____<br>City: __Aurora_____ State: CO__ Zip: 80011__<br>Phone: ___3036184145_____<br>Email: _____greg00m@gmail.com_____ | Case Number:<br>25CV17<br><br>Div.:       Ctrm: 275 |
| **DISTRICT COURT COMPLAINT** | |

1. A Jury Trial?

   Do you want a Jury? *(Check one)*        X - No        ☐ - Yes *(extra fee)*

2. I can file this case in Denver, because: *(Check all that apply)*

   The Defendant lives in Denver.

   **X   The Defendant company does business in Denver.**

   **X   The actions took place in Denver.**

3. Defendant Information

   The contact information for the people responding to the lawsuit is:

*Registered Agent - The person that will accept legal documents for a company. Find a company's Registered Agent at www.sos.state.co.us*

- Defendant 1 Name: City and County of Denver_, Office of the Mayor
- Registered Agent: *(if a company)*
- Street Address: ___ 1437 Bannock Street_____
- City/State/Zip: ___Denver, Colorado 80202_____

- Defendant 2 Name: __Ashley Hinds, City of Denver Attorney____
- Registered Agent: *(if a company)*
- Street Address: ___ 201 W Colfax Ave, Dept 1207_____
- City/State/Zip: __Denver, CO 80202_____

- Defendant 3 Name: ___MAGISTRATE MICHELLE KLINE___
- Registered Agent: *(if a company)*
- Street Address: ___520 W. COLFAX AVENUE__
- City/State/Zip: ___Denver, Colorado 80202_____

- Defendant 4 Name: ____ JUDGE BETH FARAGHER_____
- Registered Agent: *(if a company)*
- Street Address: _____490 W. COLFAX AVENUE,_____
- City/State/Zip: _____Denver, Colorado 80202_____

4. Grounds

    List the legal ground(s) that allow you to start a lawsuit.

*These are often called the Claims for Relief or Causes of Action.*

Claim 1 - _ City of Denver failed to provide training and oversight of Defendants 2,3 and 4 with regards to case management, warrant request and acquisition, in violation of Colorado Constitution: Article XX, Article II, Section 7,20 and 25, Colorado C.R.S. § 16-3-102, § 16-3-303, § 16-3-308, §13-21-131, 1st, 4th, 5th, 6th and 14th Amendment of US Constitution as well as 42 U.S.C. § 1983 in Denver County and Municipal Court case 23GS00973.

Against whom? *(Check one)* o All Defendants. Or **X Just These Defendant(s):** City and County of Denver, Defendant 1.

Claim 2 – Willful, deliberate and egregious violations of the laws cited in Claim 1, as well as violations of Colo. R. Crim. P. 16 and Colo. R. Prof'l. Cond. 3.8.

Against whom? *(Check one)* o All Defendants. Or **X Just These Defendant(s):** Ashely Hinds, Defendant 2.

Claim 3 - Willful, deliberate and egregious violations of the laws cited in Claim 1 and 2, as well as violations of Canons 1-3 in the Colorado Code of Judicial Conduct.

Against whom? *(Check one)* o All Defendants. **Or X Just These Defendant(s):** MAGISTRATE MICHELLE KLINE_.

Claim 4 - Willful, deliberate and egregious violations of the laws cited in Claim 1 and 2 as well as violations of Canons 1-3 in the Colorado Code of Judicial Conduct.

Against whom? *(Check one)* o All Defendants. Or **X Just These Defendant(s):** Judge Beth Faragher.

Claim 5 – All parties willfully, deliberately and egregiously failed to enforce the laws of the State of Colorado and the United States.

Against whom? *(Check one)* **X All Defendants**.

*List any additional Claims on a separate piece of paper.*

5. Facts

These are the facts of my case:

*The facts must qualify you for the legal grounds you are raising. Attach additional pages as needed.*

1) Citing the City of Denver's Municipal ordinances:

Chp 42 Article II, Div. 1, Sec 42-19

Title 1, Subtitle B, Article II, Part 6, § 2.6.5

These two City of Denver regulations grant the powers of arrest to the police and document no requirement to show Probable Cause or obtain a warrant from a judge or magistrate. Rather the wording asserts that the police do not require a warrant, or can create their own warrants, to make arrests, and the Plaintiff's Defense Attorney in Denver County and Municipal Court case 23GS00973 did affirm that there was no indication that Officer John D Singapuri sought or obtained an arrest warrant from a municipal magistrate or judge during Discovery. This Plaintiff asserts that both regulations, and especially the regulation under Title I – Home Rule, not just prove that there is a custom but written policy to affirm and validate his allegations of the violation of his State and US Constitutional rights, in two specific instances, yet Officer Singapuri did appear to have obtained a warrant from the Denver Police Department itself.

Citing Oklahoma City v. Tuttle, 471 U.S., at 823 (opinion of REHNQUIST, J.). "Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality - a "policy" as defined by our prior cases - can a city be liable for such a failure under 1983.", which is cited in "City of Canton v. Harris, 489 US 378, 390 (1989)", this Plaintiff has demonstrated that the City and County of Denver has not just failed to train Defendants 2-4 to abide by the US Constitution, and in an argument of State's Rights, not just failed to train its prosecutors, magistrates and judges to abide by the State of Colorado Constitution, but a willful and deliberate codifying of policies of issuing warrants and making arrests that are in direct conflict with the US and Colorado Constitutions, which egregious, deliberately and purposefully violated this Plaintiff's rights under Colorado Constitution: Article II, Section 7, 20 and 25, Colorado C.R.S. § 16-3-102, § 16-3-303, § 16-3-308, 1st, 4th 5th, 6th and 14th Amendment of US Constitution, as well as 42 U.S.C. § 1983.

Further proving the Plaintiff's claims that the City and County of Denver willfully and deliberately codifies polices of issuing warrants, making arrests, and injuring civil rights in other ways, are recorded sessions of Mr. Majersky's mandated two day anger management training by ISAE in Westminster, Colorado, in which two different instructors assert to the class of those on probation or parole that Home Rule allows municipalities to create and enforce laws stricter than the State or US governments, including laws involving civil rights.

Additionally, the City and County of Denver failed to provide training or supervision of Defendants 2-4 with regards to the contact made between Officer John Singapuri and Mr.

Majersky while Mr. Majersky was in Cancun, Mexico and unaware of any warrant for his arrest, prior to that contact. <u>18 U.S. Code § 3501( relevant to Article 20 of Mexican Constitution, National Code of Criminal Procedures (Mexico) )</u> requires that when making contact with suspects or those with pending arrests, US based law enforcement be aware of and respect the rights provided to suspects in the sovereign nation that they are in at the time of contact.

Defendant 1 is required to obey and enforce the laws of the State of Colorado and the United States governments under the principle of preemption, despite its "home rule" status under Article XX of the Colorado Constitution.

Citing Denver District Case 2023cv191 ruled in favor of the Plaintiff in that matter that his speech was protected; this matter, and the defendant in Denver Municipal case 23GS00973 Gregory Majersky, nullifying Brent Westrop's claims made to the Denver Police Department as well as the actions taken by Defendants 2-4.

2) Citing the laws in Claim 1 and 2, Defendant 2 is responsible for knowing and complying with all state and federal laws, regulations and statutes that could impact or restrain a prosecutor from filing charges. By ignoring the laws in Claim 1 and 2, Defendant 2 disregarded the lack of probable cause, the lack of a magistrate or judge issued warrant and 1st amendment issues that would have negated the guilt of Mr. Majersky under Colo. R. Crim. P. 16 and Colo. R. Professional Conduct. 3.8. Defendant 2 should have been aware that Mr. Majersky had not been read his Miranda Rights per the 5th amendment of the US constitution at the time of contact between Officer John Singapuri and Mr. Majersky, which occurred when Mr. Majersky was in Cancun, Mexico. The failure to read Miranda rights would have also negated Mr. Majersky's guilt under Colo. R. Crim. P. 16 and Colo. R. Prof'l. Cond. 3.8 as a violation of his rights, Federal and Colorado laws cited in Claim 1.

3) Citing the laws in Claim 1, 2 and 3, Defendant 3 is responsible for knowing and complying with all state and federal laws, regulations and statutes that could require a magistrate to dismiss any and all charges. By ignoring the laws in Claim 1, Defendant 3 disregarded the lack of probable cause, the lack of a magistrate or judge issued warrant and 1st amendment issues that would have negated the guilt of Mr. Majersky under Canons 1-3 in the Colorado Code of Judicial Conduct. Defendant 3 should have dismissed the charges against Mr. Majersky under Canons 1-3 in the Colorado Code of Judicial Conduct, Colo. R. Crim. P. 16 and Colo. R. Prof'l. Cond. 3.8 as well as the Federal and Colorado laws cited in Claim 1.

4) Citing the laws in Claim 1,2 and 3, Defendant 4 is responsible for knowing and complying with all state and federal laws, regulations and statutes that could require a magistrate to dismiss any and all charges. By ignoring the laws in Claim 1,2 and 3, Defendant 4 disregarded the lack of probable cause, the lack of a magistrate or judge issued warrant and 1st amendment issues that would have negated the guilt of Mr. Majersky under Canons 1-3 in the Colorado Code of Judicial Conduct. Defendant 3 should have dismissed the charges

against Mr. Majersky under Canons 1-3 in the Colorado Code of Judicial Conduct, Colo. R. Crim. P. 16 and Colo. R. Prof'l. Cond. 3.8 as well as the Federal and Colorado laws cited in Claim 1.

5) Citing sources Black's Law Dictionary, 11th edition, American Jurisprudence (Am. Jur.) and Corpus Juris Secundum (C.J.S.), the Defendants are all culpable under the legal principle "Ignorantia juris non excusat". The laws of the State of Colorado and the United States governments are superior to any law, regulation or statute passed by Defendant 1 under preemption. Defendants 2-4, as sworn attorneys under Colorado and US law, are required to act within the confines of the state and federal laws cited in Claims 1-4, regardless of what laws, regulations and statutes are enacted by the City of Denver.

6. Request for Relief
What do you want the Court to do?
   1. Vacate my conviction under Colorado Rule of Criminal Procedure 35(c) on the following grounds:
       a. The numerous violations of my civil rights under both the Colorado and United States
          Constitutions as well as state and federal laws enumerated in this complaint.
       b. The email communications in the hearsay complaint filed with the Denver Police Department
          were found to be protected speech, citing Denver District Court case 2023cv191.

   2. Award the Plaintiff $40 million USD in compensatory, punitive and nominal damages.
   3. Award the Plaintiff Statutory damages as applicable.

7. Signature

I declare under penalty of perjury that this information is true and correct.

Respectfully submitted on (dated) _of_ Jan 13, 2025_, by
Print Name: Gregory Majersky  Signature: [signature]

☒ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED
January 13, 2025
CASE NUMBER: 2025CV17

District Court _Denver_ County, Colorado
Court Address: _1437 Bannock St. Denver 80202_

Plaintiff(s): _Gregory Majersky_
v.
Defendant(s): _City of Denver; ~~Tom~~ Ashok Hinds; ~~Beth Kline~~, Michelle Kline; Beth_ ~~Cm~~

Attorney or Party Without Attorney (Name and Address): _Fervy Le_
_Gregory Majersky 1284 Sable Blvd ~~SUI4~~ SW11_
Phone Number: _303-618-4145_   E-mail: _greg vbm @ gmail.com_
FAX Number:   Atty. Reg. #:

FILED IN DENVER DISTRICT COURT
JAN 13 2025
DENVER, COLORADO
COUNTER CLERK ✓

▲ COURT USE ONLY ▲

Case Number: _25CV17 - 275_

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

    ☒ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

    By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

    **Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: 1/13/2025

_____
**Signature of Party**

Date: _____

_____
**Signature of Attorney for Party (if any)**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

EXHIBIT 3

**Denver District Court**
Denver County, Colorado
1437 Bannock St, Room 256
Denver, CO 80202

FILED IN DENVER DISTRICT COURT
JAN 13 2025
DENVER, COLORADO
COUNTER CLERK KL

DATE FILED: January 13, 2025
CASE NUMBER: 2025CV17

Plaintiff: Gregory Majersky

v.

Defendant: City of Denver; Ashley Hinds; Michelle Kline; Beth Ferragher

▲ COURT USE ONLY ▲

Case Number: 25CV17

Division: _____ Courtroom: 275

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Ashley Hinds

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

CLERK OF THE DISTRICT COURT
Dated: ___/___/_____ / DEPUTY CLERK

JAN 13 2025

Clerk of Court/Clerk: K. Lane

Signature of Plaintiff: _____

Address of Plaintiff: 1234 Sable Blvd
Aurora CO 80011

Plaintiff's Phone Number: 303 618 7145

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files the case more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**TO THE CLERK:** If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

EXHIBIT 4

Denver District Court
Denver County, Colorado
1437 Bannock St, Room 256
Denver, CO 80202

FILED IN DENVER DISTRICT COURT
DATE FILED
January 13, 2025
CASE NUMBER: 2025CV17
DENVER, COLORADO
COUNTER CLERK KL

▲ COURT USE ONLY ▲

Plaintiff: Gregory Majersky

v.

Defendant: City of Denver; Ashley Hinds; Michelle Kline; Beth Faragher

Case Number: 25CV17-275

Division:     Courtroom:

## DISTRICT COURT CIVIL SUMMONS

TO THE ABOVE NAMED DEFENDANT: Michelle Kline

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: JAN 13 2025

CLERK OF THE DISTRICT COURT
DEPUTY CLERK

K. Kane
Clerk of Court/Clerk

_____
Signature of Plaintiff

1284 Sable Blvd
Address of Plaintiff

Aurora Co 80011

7076184145
Plaintiff's Phone Number

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**TO THE CLERK:** If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

EXHIBIT 5

| Denver District Court<br>Denver County, Colorado<br>1437 Bannock St, Room 256<br>Denver, CO 80202 | FILED IN DENVER<br>DISTRICT COURT<br>JAN 13 2025<br>DATE FILED: January 13, 2025<br>CASE NUMBER: 2025CV17 |
|---|---|
| Plaintiff Gregory Majestsky<br>v.<br>Defendant City of Denver; Ashlee Hinds; Michelle Kline; Beth Faragher | ▲ COURT USE ONLY ▲<br>Case Number: 25CV17<br>Division:    Courtroom: 275 |

### DISTRICT COURT CIVIL SUMMONS

TO THE ABOVE NAMED DEFENDANT: City and County of Denver

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: JAN 13 2025
CLERK OF THE DISTRICT COURT
DEPUTY CLERK

Clerk of Court/Clerk: K. hone

Signature of Plaintiff

Address of Plaintiff: 1234 sabb Blvd
Aurora CO 80011

Plaintiff's Phone Number: 303-618-4145

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**TO THE CLERK:** If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600  R10-13  DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

EXHIBIT 6

| Denver District Court<br>Denver County, Colorado<br>1437 Bannock St, Room 256<br>Denver, CO 80202 | FILED IN DENVER DISTRICT COURT<br>DATE FILED: January 13, 2025<br>CASE NUMBER: 2025CV17 |
|---|---|
| Plaintiff: Gregory Majersky<br>v.<br>Defendant: City of Denver; Ashley Hinds; Michelle Kline; Beth Faragher | ▲ COURT USE ONLY ▲<br>Case Number: 25CV17<br>Division:    Courtroom: 275 |

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Beth Faragher

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: 1/13/ /Deputy Clerk

CLERK OF THE DISTRICT COURT

JAN 13 2025

K. hme
Clerk of Court/Clerk

_____
Signature of Plaintiff

1234 Sable Blvd
Address of Plaintiff

Aurora Co 801
7036/84/45
Plaintiff's Phone Number

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**TO THE CLERK:** If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600  R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado